# THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN K. PHELPS v. THE COURT OF OYER AND TERMINER OF THE COUNTY OF NEW YORK.

*Habeas corpus — Chap 663 of 1873 — does not enlarge the number of cases in which the writ of habeas corpus may issue.*

Chap 663 of 1873, which amended the acts relating to writs of *habeas corpus*, by providing that where proceedings commenced under such acts are removed into the Supreme Court, or whenever an appeal may be taken by the prisoner to the Court of Appeals " and the offence with which such prisoner stands charged is one for which such prisoner may be admitted to bail by the laws of this State," the court may admit him to bail, simply renders more complete and effective the review of those cases in which the writ could be lawfully prosecuted under the provisions of the Revised Statutes already in force. It was not intended to enlarge the number of cases in which bail might be taken, nor the cases which might be reviewed upon *habeas corpus*.

The act relating to writs of *habeas corpus* does not apply to cases in which the prisoner is held by virtue of a judgment or decree of a competent tribunal having jurisdiction to pronounce the same, or by virtue of an execution issued thereon.

WRIT of *certiorari* to the Court of Oyer and Terminer of the county of New York.

The facts are these: Loring M. Black was indicted in the Court of General Sessions for unlawfully keeping and exhibiting a gambling table and apparatus in a certain building, with intent to use the same for gambling purposes. On the 26th of October, 1877, he pleaded guilty to the indictment, and was sentenced to six months' imprisonment and a fine of $250.

Upon the 20th of November, Black, by his counsel, procured a writ of *habeas corpus*, directed to the keeper of the penitentiary, to produce the prisoner before Mr. Justice Donohue, with the cause of his detention. The warden produced the prisoner and the commitment, in obedience to the writ. Hearing was directed to take place before the Oyer and Terminer, then in session, Mr. Justice Davis presiding, and upon that hearing the prisoner was remanded to the penitentiary and the writ dismissed.

A writ of *certiorari* was then procured to review the decision of the Oyer and Terminer, and thereupon application was made to admit the prisoner to bail pending the last mentioned *certiorari*, which was claimed by the prisoner as of strict right under chapter 603, of 1873.

And it is to review this last decision that this proceeding is now had.

Ingalls, J.:

We are satisfied that the order admitting Loring M. Black to bail cannot be sustained. The statute of 1873, chap. 663, was not intended to accomplish what is claimed for it by the respondent. Justice Daniels has discussed this question in an opinion which we subjoin, and we entirely agree with him in the views which he therein expresses. We deem it unnecessary to further discuss the question in this proceeding. The opinion of Justice Daniels is as follows:

"In the matter of *Cosgrove* et al. Daniels, J. It has been further urged in behalf of the relator that even though he may have been lawfully indicted and sentenced, he may still contest the validity of the proceedings by means of the writ of *habeas corpus* and by appeal from the decision refusing his discharge, and in the meantime as a matter of strict right be at large on bail. The position has been taken under chap. 663, of the laws of 1873,

and it is in terms so provided in the cases affected by it.    But that act was an amendment only to the *habeas corpus* act of the State, and was limited in its effect to proceedings which could be commenced under the article amended by it; that article, however, does not provide for the review of a final conviction either of a misdemeanor or felony, by means of the writ of *habeas corpus*, and it never was held to allow that in any case since this statute has been in force, except in that of *Tweed* v. *Liscomb* (60 N. Y., 559.)    But that case can have no effect upon the one now under consideration, for the reason that it is entirely clear that the indictment and conviction were sanctioned by the full authority of law, and in that class of cases certainly the article amended by chap. 663, of the laws of 1873, has forbidden the use of the writ of *habeas corpus*.    Its language is that: 'The following persons shall not be entitled to prosecute such writ.    *   *   *   Subdivison 2, 'Persons committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon such judgment or decree.' And the petition for the writ, in order to prevent it from being used in such a case, has been required to contain the sworn statement that the applicant for it is not committed or detained by virtue of any such judgment, decree or execution.    ⟨3 R. S., 5th ed., 883, and 4, §§ 36 and 39.)

Where, in violation of these restraints upon the use of *haveas corpus*, it may yet have been issued, a statute has further declared that it shall be the duty of such court or officer forthwith to remand such party, if it shall appear that he is detained in custody by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree, ibid., 887, § 55.    In civil cases this provision has been so far qualified as not to include cases of excess of jurisdiction in the tribunal pronouncing the judgment or decree, ibid., § 56.    But criminal cases have not been included even in that qualification.    In them it was the policy of the law not to interfere by means of the writ of *habeas corpus* with the prompt and efficient execution of the criminal sentence, but to confine the parties to another and different mode of redress.

The return of the sheriff to the writ issued in this case shows

24 PEOPLE ex rel. PHELPS *v.* OYER and TERMINER.

FIRST DEPARTMENT, APRIL TERM, 1878.

that the relator is detained in custody by virtue of a writ issued upon a judgment of the Court of General Sessions, convicting him upon his own confession, of the commission of a misdemeanor. That presents a case directly within the prohibition of the *habeas corpus* act, which declares that when that shall appear the applicant for the writ shall be forthwith remanded to the custody of the officer. This positive mandate was in no respect changed by chap. 663 of the laws of 1873. That was an addition only to the article of the Revised Statutes containing this positive direction. It in no way superceded or impaired the preceding provisions, but its object was to render them still more effectual in cases where the writ of *habeas corpus* could be lawfully prosecuted, and it was limited to those cases. This is further evident from the provision made by it that the applicant shall be bailed only when the offence for which he has been charged is one for which he may be admitted to bail by the laws of this State. The cases in which this may be done have been in no respect enlarged, but for the purpose of defining and ascertaining them this general reference has been made to the laws of the State on this subject, and they only allow bail to be received after a trial and final conviction, when a writ of error may be taken for the purpose of reviewing the judgment. Another significant term supporting the same construction is the word "charged," made use of for the purpose of classifying cases it was intended to affect; that appropriately includes only cases untried as distinguished from those in which a conviction has already been had.

The act of 1873 was evidently enacted to render a review more complete of decisions made upon a writ of *habeas corpus*, only where the writ can be properly issued under the terms of the habeas corpus act. A different construction would exceed the bounds of any proper legislative intention, for it would permit every person in every respect lawfully convicted of crime in any portion of the State, to secure his discharge on bail, until a hearing of his case on *habeas corpus* could be had through all the appellate courts of the State. For the time it would suspend the execution of the entire body of the criminal laws, which no one could for a moment suppose was a result intended to be accomplished by the enactment of this law.

It was suggested that Mr. Justice BRADY had reached a different conclusion in the case of *The People* v. *Black*. But from a conference had with him on this subject, that proves to be a misapprehension. On the contrary he considers the statute of 1873 liable to no such construction as that insisted upon in favor of the application made by the relator, and such must be the decision in this case.

The order should be reversed and the prisoner remanded to prison.

DAVIS, P. J., concurred, BRADY, J., not sitting.

Order reversed, prisoner remanded.